UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 05-cr-00141-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. LEE ARTHUR THOMPSON, a/k/a "LT,"
2. ALVIN HUTCHINSON, a/k/a "BIG AL,"
3. JORGE BANUELOS,
4. CECILIA LOZANO,
5. DENISE GUTIERREZ,
6. KENNETH PRIEN, a/k/a "KENNY,"
7. RONALD DEAN DEHERRERA, a/k/a "DINO,"
8. WILLIAM L. GLADNEY, a/k/a "L,"
9. STEVEN LAMONT ELLIS,
10. JUNIOR RAY MONTOYA, a/k/a "JR. RAY,"
11. JESSICA CRUTHERS,
12. PAUL ROSE, JR.,
13. DAVID ZAMORA,
14. STEVE ZAMORA, and
15. MILTON A. YON,

        Defendants.

## ORDER REGARDING JUROR QUESTIONNAIRE

THIS MATTER comes before the Court on the parties' Supplemental Joint Proposed Voir Dire Questions with Stipulation **(#629)**. The parties identify fourteen questions which they ask the Court to include in the juror questionnaire. In evaluating their suggestions, the Court notes the following

*Voir dire* serves two basis purposes: (1) to enable selection of an impartial jury; and (2) to assist counsel in exercising their peremptory challenges. *See Mu'Min v. Virginia*, 500 U.S. 415,

431 (1991); *see also Neely v. Newton*, 149 F.3d 1074, 1084 (10th Cir. 1998). A trial court is not required to present questions to a propective juror unless the failure to do so would render the trial fundamentally unfair. *See Neely*, 149 F.3d at 1084 (citing to *Mu'Min*). The inquiry should be limited to those questions which help ascertain whether a prospective juror has a bias, opinion, or prejudice that would influence his or her decision of the issues to be tried. *See id*.

Certain questions are improper during *voir dire* and place a defendant's right to a fair trial in jeopardy. As the Fourth Circuit observed in *United States v. Barber,* 80 F.3d 964, 967-68 (4th Cir. 1996),

> to seek out generalized prejudices during the voir dire would quickly divert the trial's focus from the guilt or innocence of the defendant to peripheral factors, such as the defendant's race or religious beliefs, which are usually irrelevant to the merits of the case. The very process of exploring such factors would heighten their role in the decisionmaking process and tend to subvert the court's express admonition to jurors to convict or acquit only on the evidence before them without partiality to any party.

Therefore, in determining whether a question may properly be presented to prospective jurors, the Court considers whether such question would cause the prospective jurors to consider matters which the Court would otherwise instruct them to disregard.

The Court has considered the questions suggested by the parties and has incorporated a few of their proposals into the questionnaire. However, some of the proposals are inappropriate in that they would focus the jurors' attention upon improper considerations. Other proposals are subsumed within other questions already set forth in the questionnaire. During jury selection, the parties may ask the Court to present specific questions to the venire consistent with the principles outlined above.

**IT IS THEREFORE ORDERED** that the parties' joint request to include specific questions in the juror questionnaire is granted in part. A copy of the revised questionnaire inclusive of new questions is attached hereto.

Dated this 24th day of May, 2006

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge