**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 1:05-cr-00141-RMR

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. LEE ARTHUR THOMPSON, a/k/a "LT,"
2. ALVIN HUTCHINSON, a/k/a "BIG AL,"

      Defendants.

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS
FOR RECONSIDERATION**

---

This matter comes before the Court pursuant to Lee Arthur Thompson's Motion for Reconsideration (ECF No. 1930, as supplemented by ECF Nos. 1952, 1963, 1972) of Senior Judge Krieger's[1] April 15, 2021 Opinion and Order (the "April 2021 Order") (ECF No. 1926) denying the three First Step Act Motions filed by Mr. Thompson, Alvin Hutchinson, and William Gladney[2] (ECF No. 1926).  In addition, on June 27, 2022, the Tenth Circuit remanded (ECF No. 1966) proceedings involving Mr. Hutchinson to this

---

[1] Due to Judge Krieger's unavailability, this case was transferred to the undersigned on December 14, 2022. ECF No. 1976.

[2] Although Mr. Gladney's First Step Act Motion is not under consideration for purposes of this Order, the factual and procedural background of his case is included because of its relevancy to the Court's decision. *See infra.*

Court "in light of the recent precedent identified in the parties' joint motion." This Opinion and Order addresses that remand as well.

## I.    BACKGROUND

### A.    Factual Background

The Tenth Circuit previously described Defendants' crimes in detail in its decision affirming their convictions and sentences. *See United States v. Hutchinson*, 573 F.3d 1011, 1016 (10th Cir. 2009). In the April 2021 Order, Judge Krieger recited the factual background provided by the Tenth Circuit, and the Court adopts that recitation here. *See* ECF No. 1926 at 1-4. The Court therefore includes only the background relevant to this Order.

Defendants, Thompson and Hutchinson, as well as another individual, Gladney, were indicted in 2005 and charged with, among other counts, (i) RICO conspiracy in violation of 18 U.S.C. § 1962(c) (Count One), and (ii) conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 864 and § 841(b)(1)(A) (Count Three). All three men were convicted of these and other counts following a jury trial, and the Court sentenced all three men to life imprisonment[3]. All three men appealed their convictions and sentences. The Tenth Circuit affirmed all pertinent parts of Thompson, Hutchinson, and Gladney's convictions and sentences. *See Hutchinson*, 573 F.3d at 1016.

---

[3] The statutory maximum penalty for conviction of a RICO conspiracy is 20 years, but the term can be extended to life imprisonment "if the violation is based on racketeering activity for which the maximum penalty includes life imprisonment." 18 U.S.C. § 1963(a). Thus, because at the time Defendants were sentenced the distribution of crack cocaine convictions could result in a life sentence, Defendants were given life sentences on the RICO convictions as well.

**B.      Procedural Background**

Between 2010 and 2018, Congress passed two statutes, the Fair Sentencing Act, P.L. 111-220, and the First Step Act, P.L. 115-391, that sought to address sentencing disparities between defendants charged with distribution of "powder" cocaine and defendants (like Defendants and Gladney) charged with distribution of cocaine base, or "crack" cocaine.  The Fair Sentencing Act modified the two-tiered punishment system of controlled substance offenses in 21 U.S.C. § 841(b)(1), moving the line of demarcation between the lower and higher tiers of punishment from 50 grams of crack cocaine to 280 grams.  The First Step Act essentially made that change retroactive for defendants who had already been sentenced, allowing district courts the discretion to grant them resentencing as if the Fair Sentencing Act had been in effect as of the time of their original sentencing.  In accordance with Congressional action, the U.S. Sentencing Commission modified the Sentencing Guidelines, mostly notably the Drug Quantity Table in Guideline §2D1.1(c) to reduce the Offense Levels associated with distribution of various quantities of crack cocaine.

Thompson and Hutchinson (and Gladney) applied for relief from this Court under the First Step Act.  On April 15, 2021, Judge Krieger denied. Thompson, Hutchinson's, and Gladney's First Step Act Motions. ECF No. 1926. As relevant here, Judge Krieger: (i) opined that only their drug conspiracy convictions, not the RICO convictions, constituted a "covered offense" under the First Step Act and (ii) as a result, any sentence reduction they could obtain under the First Step Act would be inconsequential, because their life sentence imposed on the RICO convictions would nevertheless dictate the length of their

incarceration. Judge Krieger also reasoned that, even if the First Step Act allowed the court to reach the merits of the defendants' arguments for a sentence reduction, the court would nevertheless exercise its discretion to deny relief.  As to this point, Judge Krieger concluded that neither Mr. Hutchinson nor Mr. Thompson's Sentencing Guideline calculations would have changed as a result of the modification of the Guidelines, and that the "sheer scale, duration, and brazenness" of the drug distribution operation weighed against the granting of any discretionary relief in any event.

Although the procedural mechanisms the men employed differed, Hutchinson, Thompson, and Gladney all challenged the same legal rulings made by Judge Krieger in her denial of their First Step Act Motions, for effectively the same reasons.  Thompson filed a Motion for Reconsideration in the District Court, arguing that the April 2021 Order erred in various legal respects and requesting that the Court revisit and correct those errors.  ECF No. 1930. Thompson has since supplemented that motion on several occasions. ECF Nos. 1952, 1963, 1972.

Rather than filing motions for reconsideration, Hutchinson and Gladney appealed the court's denial of their First Step Act Motions.  On June 27, 2022, the Tenth Circuit remanded Hutchinson's case for "further proceedings that may be appropriate in light of the recent precedent identified in the parties' joint motion."  ECF No. 1966. Two months later, the Tenth Circuit dismissed Gladney's appeal for lack of standing. *See United States v. Gladney*, 44 F.4th 1253 (10th Cir. 2022).

The Court takes the opportunity of the remand of Hutchinson's case to grant in part Thompson's pending Motion for Reconsideration such that the Court now revisits both

Defendants' First Step Act Motions. The Court finds that, based on the Tenth Circuit's reasoning in *Gladney*, it lacks constitutional jurisdiction and must dismiss Hutchinson and Thompson's First Step Act Motions.

## II.      ANALYSIS

### A.      Eligibility

To be eligible for relief under Section 404(a) of the First Step Act, a defendant must be convicted of a "covered offense," that is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."   It is undisputed that the Fair Sentencing Act modified the penalty provisions of 21 U.S.C. § 841(b)(1), which governed both Defendants' drug conspiracy convictions in Count Three of the Indictment here. Thus, there is little question that both Thompson and Hutchinson clear the eligibility hurdle for seeking First Step Act relief.

In its April 2021 Order, the court paused at this stage to consider two other issues within the eligibility rubric: (1) whether eligibility for First Step Act relief was lost by defendants whose conduct involved drug quantities in excess of 280 grams of crack cocaine, insofar as the penalties available to those defendants were not effectively changed by operation of the Fair Sentencing Act; and (2) whether the imposition of life sentences for the RICO count were beyond the reach of the First Step Act, making a sentence reduction on the drug conspiracy count little more than a symbolic act.

For the reasons explained below, the second issue considered by Judge Krieger forecloses the relief Hutchinson and Thompson now seek. The Tenth Circuit's decision in

*Gladney* requires the Court to conclude that both Defendants lack standing and that the Court therefore lacks constitutional jurisdiction over their First Step Act Motions. *See Gladney*, 44 F. 4th at 1263 ("Standing, as an essential part of Article III's 'case and controversy' requirement, is a fundamental limitation on the federal courts' constitutionally granted jurisdiction.") (citing *United States v. Mannie*, 971 F.3d 1145, 1153-54 & n.10 (10th Cir. 2020)).

In *Gladney*, the Tenth Circuit considered whether the First Step Act permits the reduction of a defendant's life sentence as to a "non-covered" RICO conviction where the district court had grouped the "covered" drug conspiracy offense and "non-covered" offenses for purposes of Guideline calculations. *Gladney*, 44 F.4th at 1261. The Tenth Circuit agreed with Judge Krieger that the First Step Act does not permit such relief. *See id.*

The Tenth Circuit explicitly held that "the First Step Act prohibits a district court from reducing the sentence on a non-covered offense, even if . . . the covered and non-covered offenses were grouped together under the Sentencing Guidelines and the covered offense effectively controlled the sentence for the non-covered offense." *Gladney*, 44 F.4th at 1262. Thus, the Court agrees with Judge Krieger that Defendants' RICO conspiracy convictions "continue to control the length of Defendants' continued incarceration, and consideration of the merits of the Defendants' First Step Act motions would serve only a technical, not practical, purpose." ECF No. 1926 at 13. Because the Court is prohibited from reducing the life sentences on the non-covered RICO convictions, it must decline to address whether Defendants would be entitled to a reduced sentence

under the First Step Act for the drug conspiracy convictions. *See Gladney*, 44 F.4th at 1263 (any reduction the district court could make to the sentence on defendants covered offenses would not actually reduce the length of incarceration); *Mannie*, 971 F.3d at 1153-54 & n.10 (court lacks jurisdiction to hear a First Step Act challenge to one "covered" count under the First Step Act if the defendant is subject to a concurrent sentence of equal or greater length on a "non-covered" count).

The Court recognizes that there is a circuit split on this issue[4] and that Gladney has petitioned the Supreme Court for a writ of certiorari. Under binding Tenth Circuit precedent, however, the Court's hands are tied. Therefore, the Court must dismiss Defendants' requests for reduction of their sentences at this time.

### III.   CONCLUSION

For the foregoing reasons, Thompson's Motion for Reconsideration **(ECF No. 1930)** is **GRANTED IN PART** and **DENIED IN PART**.   Thompson's Motions to Supplement **(ECF Nos. 1952, 1963, 1972)** are **GRANTED**, and the Court has deemed Thompson's Motion for Reconsideration supplemented accordingly.  The Court **GRANTS** the Motion for Reconsideration to the extent that it has reconsidered and clarified its prior ruling as set forth herein, but **DENIES** the motion to the extent that the Court finds that

---

[4] The Fourth and Seventh Circuits have held that a district court may impose a reduced sentence for interconnected non-covered offenses so that the defendant receives a reduced aggregate sentence. *See, e.g.*, *United States v. Curtis*, 66 F.4th 690, 694 (7th Cir. 2023); *United States v. Hudson*, 967 F.3d 605 (7th Cir. 2020); *United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Meanwhile, the Second, Tenth, and Eleventh Circuits have held that the First Step Act's relief is limited to covered offenses and cannot be extended to non-covered offenses, even where the offenses were grouped together to form a sentencing package. *See, e.g.*, *United States v. Young*, 998 F.3d 43, 55 (2d Cir. 2021); *Gladney*, 44 F.4th at 1262 (10th Cir. 2022); *United States v. Baptiste*, 834 F. App'x 547, 550 (11th Cir. 2020).

Thompson lacks standing to bring his First Step Act Motion. The Court therefore **DISMISSES WITHOUT PREJUDICE** Thompson's First Step Act Motion **(ECF No. 1890)**.

Upon remand from the 10th Circuit with regard to Hutchinson, this Order reflects the Court's reconsideration of Hutchinson's prior First Step Act Motion **(ECF No. 1887)** pursuant to the 10th Circuit's instructions. Upon such reconsideration, the Court **DISMISSES WITHOUT PREJUDICE** Hutchinson's First Step Act Motion.

DATED:  September 25, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge